# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No. 10-00393-KD-N** |
| RONALD E. GLYNN, ) | |
|    Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff's second "Application for Entry of Default." (Doc. 17). Plaintiff requests that the Clerk of Court enter a Rule 55 default against Defendant Glynn. As support, Plaintiff asserts that Complaint was filed on July 23, 2010 (Doc. 1), Defendant Glynn was served on November 3, 2010 and more than 21 days have elapsed and to date, he has failed to plead or otherwise defend.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED.R.CIV.P. 55(a). A defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." Id. FED.R.CIV.P. 12(a)(1)(A); *accord* Securities and Exchange Commission v. Wright, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered…the party must have been effectively served with process." 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 at 14 (3rd ed.1998).

A review of the record reveals no evidence that Defendant Glynn has been effectively served with the Summons and Complaint. Rather, the record reveals that Plaintiff attempted service upon

1

Defendant Glynn via certified mail, with an Alias Summons, but that someone *other* than Defendant Glynn (named "B.Schikschneit") signed the domestic certified mail return receipt on September 7, 2010. (Doc. 13-1).

Subsequently, the Plaintiff attempted service with another Alias Summons on October 21, 2010 (Doc. 15), which was returned as having been executed on November 3, 2010 by service of the summons upon a "Nick Lapitzki" who, according to the Rule 4(l) Proof of Service "is designated by law to accept service of process on behalf" of Defendant Glynn. (Doc. 16 at 2). However, in the Rule 4(l) Proof of Service submitted by Plaintiff, there is no information regarding this "Agent." Moreover, Plaintiff's Application for Entry of Default simply asserts that Defendant "Glynn was duly served" (Doc. 17-1 at 1 at ¶3) and mentions nothing about this "Agent" or that the "signatory [Nick Lapitzki] is, or even probably is, the defendant's 'agent' as defined in Rule 4(i)(2)(C)." U.S. Bank Nat. Ass'n v. Turquoise Properties Gulf, Inc., Slip Copy, 2010 WL 3155495, *2 (S.D.Ala. Aug. 5, 2010). As discussed in Turquoise Properties, 2010 WL 3155495, *2 (footnote omitted), a case in which someone other than the defendant(s) also signed the certified mail return receipt, the Court noted as follows:

> Service of process on an individual within the United States is governed by Rule 4(e). Service of the summons and complaint must be made by "deliver[y]" to the defendant "personally," or by "deliver[y]" to an agent authorized by appointment or by law to receive service of process, or "by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion who resides there." Fed.R.Civ.P. 4(e)(2). As noted, delivery connotes personal service, and since certified mail is not delivered to a person's home but is picked up at the post office, it does not appear that one may "leav[e] copies" within the contemplation of this rule by using certified mail. Accordingly, service on the individuals was not successful under Rule 4(e)(2).
>
> Rule 4(e)(1) allows for service of process in accordance with Alabama law. The Alabama rule is substantively the same as the federal rule. *Compare* Fed.R.Civ.P. 4(e)(2) *with* Ala. R. Civ. P. 4(c)(1). Alabama, however, allows service on an

2

individual by certified mail. *Id*. Rule 4(i)(2). "Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." *Id*. Rule 4(c)(2)(C).

The majority of receipts as to individual purchaser defendants reflect that **someone other than the defendant signed for the certified mail.** [ ] **As to these defendants, service is good only if the signatory constitutes the defendant's "agent," that is, "a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee."** Ala. R. Civ. P. 4(i)(2)(C). Some of the **signatories** share the same last name as the defendant, but others **bear no obvious connection to the defendant. In neither case has the plaintiff attempted to show that the signatory is, or even probably is, the defendant's "agent" as defined in Rule 4(i)(2)(C).**

For the reasons set forth above, the plaintiff's application for entry of default, construed as a motion, is denied . . . .

Turquoise Properties, 2010 WL 3155495, *2 (emphasis added and footnote omitted).

Accordingly, because Plaintiff has failed to provide any information regarding the relationship of the signatory "Nick Lapitzki" to Defendant Glynn, Plaintiff's Application for Entry of Default (Doc. 17) is **DENIED** at this time.

**DONE** and **ORDERED** this the **22nd** day of **August 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**