IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 10-00393-KD-N |
| ) | |
| RONALD E. GLYNN, ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiff Vision Bank's motion for default judgment (Doc. 25), against Defendant Ronald E. Glynn on the grounds that said defendant has failed to plead, answer or otherwise defend in this case.

**I.   Background**

Plaintiff initiated this litigation on July 23, 2010 for Defendant Glynn's failure to pay amounts due and owing to Plaintiff under the terms of a Multipurpose Note and Security Agreement, as well as for an accounting and inspection of "all financial statements, tax returns and other financial information of Borrower and to confirm the accuracy of same by inspecting all supporting documentation and other books and records of Borrower."  (Doc. 1).  On July 23, 2010, a Summons was issued to Defendant Glynn.  (Doc. 2).  Plaintiff attempted service upon Defendant Glynn via certified mail to 24407 Lauder Place, Orange Beach, AL, 36561 (of the Summons and Complaint), but someone other than Defendant Glynn (name illegible but apparently with the initials MM) signed the domestic certified mail return receipt as "Agent." (Doc. 6 at 3). On August 25, 2010, Plaintiff filed an application for entry of default against Defendant Glynn (Doc. 7), which was denied as Plaintiff failed to provide any information regarding the relationship of the signatory on the domestic certified mail return receipt to

1

Case 1:10-cv-00393-KD-N   Document 29   Filed 03/02/12   Page 2 of 11

Defendant Glynn (Doc. 8). The Court noted that additionally, in the Rule 4(l) Proof of Service Affidavit submitted by Plaintiff in support (Doc. 6 at 2), there was no information regarding this "Agent."

Subsequently, Plaintiff issued an Alias Summons to Defendant Glynn.  (Docs. 12, 13). Plaintiff attempted service upon Defendant Glynn via certified mail with an Alias Summons, but someone other than Defendant Glynn (named "B.Schikschneit") signed the domestic certified mail return receipt on September 7, 2010. (Doc. 13-1). Thereafter, Plaintiff attempted service with another Alias Summons on October 21, 2010 (Doc. 15), which was returned as having been executed on November 3, 2010 by service of the summons upon a "Nick Lapitzki" who, according to the Rule 4(l) Proof of Service "is designated by law to accept service of process on behalf" of Defendant Glynn. (Doc. 16 at 2). As such, on August 16, 2011, Plaintiff filed a second application for entry of default as to Defendant Glynn.  (Doc. 17).  In the accompanying Rule 4(l) Proof of Service submitted by Plaintiff, there was no information regarding this "Agent." Plaintiff's Application for Entry of Default simply asserted that Defendant "Glynn was duly served" (Doc. 17-1 at 1 at ¶3) and mentioned nothing about this "Agent" or that the "signatory [Nick Lapitzki] is, or even probably is, the defendant's 'agent' as defined in Rule 4(i)(2)(C)." Thus, on August 22, 2011, the Court denied Plaintiff's application for entry of default because Plaintiff failed to provide any information regarding the relationship of the signatory "Nick Lapitzki" to Defendant Glynn.  (Doc. 18).

On November 1, 2011, the Court ordered Plaintiff to show cause as to why the case should not be dismissed, as there had been no activity since August 22, 2011. (Doc. 19). Plaintiff responded, citing difficulties serving Defendant Glynn.  (Doc. 20).  However, Plaintiff

2

subsequently personally served Defendant Glynn via private process on November 16, 2011. (Docs. 21, 22). Plaintiff then filed a third application for entry of default on December 8, 2011 based on Defendant Glynn's failure to plead or otherwise defend (Doc. 23), which was granted; a Clerk's Entry of Default against Defendant Glynn was issued on December 9, 2011 (Doc. 24).

On December 14, 2011, Plaintiff moved for entry of a default judgment against Ronald Glynn pursuant to Rule 55(b)(1) or a "clerk's default," asserting that the damages amount sought is a "sum certain or a sum that can be made certain." (Doc. 25). However, Plaintiff sought attorneys' fees and costs in addition to the specific amount due under the terms of the Note, yet did not provide any information to the Court regarding same. Thus, the full damages amount was uncertain and could not be made certain by the Clerk. As such, the Court construed Plaintiff's motion as one filed pursuant to Rule 55(b)(2) instead, as when there is not a sum certain "the party must apply to the court for a default judgment….The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." See also Carter v. Macon Manor NRC, LLC, 2007 WL 951419, *2 (M.D. Ga. Mar. 27. 2007) (providing that Rule 55(b)(1) does not allow an award of attorney fees as part of a default judgment entered by the clerk…Attorney fees are simply not a sum certain and therefore bar entry of judgment by the Clerk…As Plaintiff is seeking attorney fees…Plaintiff's request also precludes entry of default judgment by the Clerk[]"); Adorn, LLC v. Lakeside Park Homes, Inc., 2007 WL 640290, *2 (M.D.Ga. Feb. 26, 2007) (same). (Doc. 26). The Court ordered Plaintiff to supplement its motion for default judgment with "whatever materials it deems necessary and appropriate to

support its claim for reasonable costs and attorney's fees in conjunction with the applicable state's law governing same." (Doc. 26). Plaintiff has now supplemented its motion (Doc. 28) such that it is ripe for disposition.

## II.    Discussion

### A.    Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> (b) Judgment. Judgment by default may be entered as follows:
> \* \* \*
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

FED.R.CIV.P. 55.

Courts generally require some notice to be given to defendants between the time of service of process and entry of a default judgment. See, e.g., Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Edmonds, Slip Copy, 2009 WL 1158988, \*2, n.3 (S.D. Ala. Apr. 29, 2009); Capitol Records v. Carmichael, 508 F. Supp. 2d 1079, 1083, n.1 (S.D. Ala. 2007). Additionally, the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." Tyco Fire & Sec., LLC v.

Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (emphasis omitted). When assessing damages in connection with a default judgment, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2007).

At the outset, the Court is satisfied that Defendant Glynn has notice of the default proceedings against him. See *supra*. As of the date of this Order, Defendant Glynn has wholly failed to appear or otherwise defend this action. Additionally, a default has been entered, *supra*, against Defendant Glynn for his failure to plead, answer or otherwise defend this case.

As to the merits of Plaintiff's default judgment, the Court is satisfied that the allegations of the complaint state a cause of action against Defendant Glynn as to Count One, and that there is a substantive, sufficient basis in the pleadings for all of the relief the Plaintiff seeks. Specifically, Count One of the Complaint alleges Defendant Glynn failed to pay a Multipurpose Note and Security Agreement. (Doc. 1). The copy of the Note provided by Plaintiff is virtually illegible. Even so, the Court can ascertain that it provides that in the event of Defendant Glynn's failure to pay, he defaults (Doc. 1-1 at 3 at ¶9), and that Defendant Glynn waived any demand by Plaintiff for payment (Id. at 3 at ¶11). However, this portion of the Note providing the detailed terms is not signed by Defendant Glynn as "guarantee" and it simply bears several stamps stating "copy." (Doc. 1-1 at 3). Nevertheless, Plaintiff has submitted the Affidavit of Frank W. Wagner, II, a Senior Vice-President of Vision Bank (Doc. 25 at 4-5),

asserting that Defendant Glynn is indebted to Plaintiff pursuant to a February 4, 2009 Note in the principal amount of $269,985.54 and Plaintiff is the holder of the Note which is in default due to Defendant Glynn's failure to pay amounts due and owing. Id. Wagner's Affidavit provides that the balance owed as of December 12, 2011 is $272,518.07 with interest continuing to accrue, and that attorneys' fees and costs are also owed to Plaintiff. Id. The sworn Affidavit supports the uncontested allegation that Defendant Glynn is in default as he has failed to pay as agreed. Id. As such, Plaintiff's motion for default judgment as to Count One (failure to pay) in the amount of **$272,518.07** is **GRANTED.**[1]

**B.    Attorney's Fees & Costs**

In addition to the amount sought for default judgment, Plaintiff seeks to recover **$4,867.50** in attorneys' fees and **$298.51** in costs against Defendant Glynn.[2] Counsel mistakenly asserts that the Note calls for actual costs and fees. However, under the terms of the various contracts between the parties, Plaintiff may recover only those fees and expenses that are "reasonable." Specifically, while difficult to read, the Court discerns that the collection costs and attorneys' fees portion of the Note provides that reasonable costs will be paid and if the original amount financed is more than $300 and if the Note is referred "to an attorney who is not your salaried employee" (Mr. Helmsing is employed by the law firm of McDowell Knight and not a salaried employee of Vision Bank), costs include a reasonable attorney's fee. (Doc. 1-1 at 3 at ¶12).

---

1 No evidence has been submitted to support Count Two and thus, it is **DISMISSED without prejudice.**

2 While given the opportunity to do so, Defendant Glynn has not challenged Plaintiff's right to recover its attorneys' fees and expenses.

In this Circuit, courts generally apply the "lodestar" method -- multiplying the hours reasonably expended by a reasonable hourly rate -- to make such an assessment.  Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988).  The 12 factors identified by the Court of Appeals in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), may aid the Court in determining a reasonable hourly rate and thereby affect the lodestar analysis.  (Id.)  Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359, n.1 (11th Cir. 2006) (citing Johnson, 488 F.2d at 717-719).  Additionally, whereas this action is before the Court on the basis of diversity jurisdiction, any fee award must be consonant with Alabama law.  Under Alabama law, the factors to be considered include:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988) (citing Peebles v. Miley, 439 So.2d 137 (Ala. 1983)).  Not all of these criteria must be met or brought into play. Graddick v. First Farmers & Merchants Nat'l Bank of Troy, 453 So.2d 1305, 1311 (Ala. 1984).

1.     **Reasonable Rate**

As the party requesting fees, Plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. See Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)).

Plaintiff has failed to provide any information regarding the eight (8) different individuals (FGH, JSH, ATR, JML, ALB, PCH, RAN and LCK) who billed time on this case, and no clear delineation as to which individual (whether attorney or paralegal) charged what hourly rate (*e.g.*, which three letter initials represent a partner fee versus an associate fee versus a paralegal fee).[3] There is also no discussion of the "reasonableness" of such fees and costs except to the extent that Mr. Helmsing avers that his fees are reasonable. The Court is unable to determine the reasonableness of the majority of the requested fees. However, as to Fred Helmsing, the Court is aware of his experience[4] (as having practiced for more than 12 years) and

---

3 While counsel Frederick G. Helmsing, Jr. states in his Affidavit that the rates are $220/hour for partners and $175/hour for associates, (Doc. 28-1 at 2), the billing statements provide for other hourly rates (*e.g.*, $110/hour, $185/hour) without explanation.

4 The Court is not able to award the $220/hour partner or $175/hour associate rate to the other individuals who have billed same, as Plaintiff has provided no information as to who these individuals are or their

in other cases has previously determined that a reasonable rate for a partner with 12 years of experience is $225/hour and with 15 years of experience is $250/hour.  See, e.g., Vision Bank v. FP Mgmt., LLC, 2012 WL 222951, *3 (S.D. Ala. Jan. 25, 2012); Vision Bank v. Anderson, 2011 WL 2142786, *3 (S.D. Ala. May 31, 2011); Mitchell Co., Inc. v. Campus, 2009 WL 2567889, *1 and *17-18 (S.D. Ala. Aug. 18, 2009); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Feb. 3, 2011). Additionally, the Court, which is familiar with the prevailing rates in the local market (Mobile, Alabama), may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested fees. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  Accordingly, based on the Court's experience, knowledge and observations, as well a review of prior awards, the Court finds that the **$220/hour** rate for Mr. Helmsing (FGH) is reasonable.

## 2. Recoverable Time

Plaintiff seeks recovery of **29.4 hours** of work in this case between July 9, 2010 and December 14, 2011.  In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  Barnes, 168 F.3d at 428.  The Court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, i.e., hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  Norman, 836

---

years of experience.

F.2d at 1301 (emphasis omitted).  Given the lack of information provided by Plaintiff, the Court cannot award the total number of hours requested, but will only award those hours associated with Mr. Helmsing's time (6.0 hours).  Thus, the Court awards Plaintiff **$1,320.00** for **6.0 hours** billed by Mr. Helmsing at the rate of $220/hour.[5]

### 3. Costs/Expenses

Plaintiff also seeks an award of **$298.51** in costs incurred for photocopying expenses, postage, on-line research, service of process, mileage, recordation of foreclosure deed, and Federal Express.  Based on the terms of the loan documents at issue, the Court finds that Plaintiff is entitled to recover expenses/costs which Mr. Helmsing has asserted in his Affidavit are reasonable.  See, e.g., Peppertree Apartments, Ltd. v. Peppertree Apartments, 631 So.2d 873, 878 (Ala. 1993) (providing that "[t]he intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous[]").  Accordingly, Plaintiff's motion, with respect to costs, is **GRANTED** such that Plaintiff is awarded **$298.51** in costs.

---

[5] To arrive at this result, the Court had to conduct its own review of the billing statements and work backwards from same to calculate and then determine reasonable attorneys' fees.  This is a task which this Court has had to undertake on a number of occasions in a number of Vision Bank cases.  This task, however, belongs to the party moving for an award of such fees.  It is recommended that counsel provide the necessary documentation and support for an attorneys' fees request at the time the request is made.  Counsel is **CAUTIONED** that failure to provide sufficient documentation in the future may simply result in disallowance of attorneys' fees altogether.

### III.     Conclusion

Accordingly, it is **ORDERED** that Plaintiff's motion for entry of default judgment (as supplemented) is **GRANTED** as to Count One such that default judgment is entered in its favor and against Defendant Ronald E. Glynn in the amount of **$272,518.07** due to his failure to pay under the terms of the Note (Count One), and **GRANTED in part** as to Plaintiff's request for attorneys' fees and costs, as detailed *supra*. Thus, Plaintiff is awarded a total of **$274,136.58** ($272,518.07 due under the Note, $1,320.00 in attorneys' fees, and $298.51 in costs).

A **Final Default Judgment** consistent with the terms of this Order shall issue contemporaneously herewith.

**DONE** and **ORDERED** this the **2nd** day of **March 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**